UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-401-JBC

ROBERT EVERT HAYES, PLAINTIFF,

V. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on Hayes's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and related motions to submit a corrected memorandum in support of the motion, and to submit additional documentation. R. 14, 17, 18. The second and third motions will be granted, and the first motion will be denied as moot. The corrected motion for an attorney fee, R.20, will be granted in part.

I. Background

The court remanded the case under Sentence Six of 42 U.S.C. 405(g) before the answer and administrative transcript were filed because the Commissioner reported that significant portions of the recording of the administrative hearing were inaudible. R. 7. Hayes raises two issues in his fee petition which are contested by the Commissioner. He alleges that without an audible recording, the Commissioner should have known that the district court would be compelled to remand the case if he filed a federal appeal. In addition,

1

Hayes maintains that the Commissioner violated his regulatory duty to review the record.

Hayes's corrected motion for EAJA fees requests a total of $5,785.00 for 17.80 hours of attorney time expended, at a rate of $325.00 per hour. The Commissioner does not contest an award of $2,225.00 for 17.80 hours under 28 U.S.C. § 2412(d), which provides, in pertinent part, that a prevailing party in an action against the United States may be awarded fees and expenses where the position of the government is not substantially justified. The fee is limited to $125.00 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher amount. 28 U.S.C. § 2412(d)(2)(A).

Hayes's request for $325.00 per hour is based on a different section, 28 U.S.C. § 2412(b), which allows a court to award "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought against the United States . . . to the same extent that any other party would be liable under the common law . . . ." There is a common law "bad faith" exception to the "American Rule" that each party bears its own attorney's fees. *Griffin Industries, Inc. v. U.S.E.P.A.*, 640 F.3d 682, 685 (6th Cir. 2011).

The Sixth Circuit recently described an award of EAJA fees for bad faith as "extraordinary and punitive," noting that it requires an explicit finding of "subjective bad faith" by the district court. *Id.* at 685-86. The court must find: (1) that the position advanced or maintained by a party was meritless; (2) that the meritlessness was known to the party; and (3) that the position was advanced or

maintained for an improper purpose, such as harassment. *Id.* at 685. The court "must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings . . . . Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose." *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010).

## II. Discussion

In support of his argument that the Commissioner acted in bad faith, Hayes relies almost entirely on *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), in which one of the co-plaintiffs alleged bad faith on the part of the Secretary of Health and Human Services after the recording of her administrative hearing was lost. *Id.* at 1081. She further alleged, in parallel to the present case, that, as a result, the Appeals Council violated its duty to review the record under 20 C.F.R. §§ 404.976(b) and 404.979, and that the defendant knew or should have known that the district court would have to remand the case for additional hearings. In *Baker*, unlike the present case, "the Secretary [now the Commissioner] attempted to conceal the error even after the case was in district court, and requested extensions to 'develop the record,' knowing that the tapes could not be located." *Id.* at 1081-82.

The Fifth Circuit held that the Appeals Council failed to fulfill its statutory duty to base its decisions on "the evidence adduced at the hearing," as set out in

42 U.S.C. § 405(b), "when it affirmed the ALJ, perfunctorily and automatically, without reviewing all the evidence, and that for purposes of awarding attorney's fees this constitutes bad faith in cases where the Secretary, after suit is filed, determines that benefits should have been granted." *Id.* at 1082.

In addition to being distinguishable from the present case because the Commissioner did *not* attempt to conceal the error after Hayes's case was in district court, the Fifth Circuit's ruling does not appear to be consistent with the Sixth Circuit's requirement that a party must show "something more" than knowingly pursuing a meritless claim or action. *BDT Products*, 602 F.3d at 752. Hayes notes that 20 C.F.R. §§ 976(b) and 404.979, cited by the Fifth Circuit, provide that the Appeals Council will "consider all the evidence in the administrative law judge [ALJ] hearing record," and therefore it knew or should have known that the recording was defective. However, in context, this provision applies to cases in which the Appeals Council has granted a request for review and is issuing a new decision. Section 404.967 makes it clear that the Appeals Council may grant a request for review, or, as here, deny the request for review.[1] The Commissioner argues persuasively that internal procedures in his Hearings, Appeals and Litigation Law Manual ("HALLEX") give the Appeals Council wide latitude in determining whether the recording of the ALJ hearing should be reviewed in

---

[1] It is not clear whether the Appeals Council had accepted the plaintiff's request for review in *Baker v. Bowen*, although the Fifth Circuit's reference to "perfunctorily and automatically" affirming the ALJ could mean that the request for review was denied. Regardless of this issue, *Baker* would not control the outcome of this case for the reasons set out in the body of this decision.

determining whether to grant or deny a request for review. HALLEX I-3-1-52; I-3-1-99; I-3-1-100. For all these reasons, the Commissioner did not violate any regulation in failing to review the recording of the hearing before the case was filed in this court.

Even assuming, without deciding, that the Commissioner "should have known" that the recording was defective, it would not constitute bad faith. The standard required in the Sixth Circuit is "something more" than knowingly pursuing a meritless action. Hayes must also show that the Commissioner knew the action was meritless *and* was advanced for an improper purpose, such as harassment. *BDT Products*, 602 F.3d at 752. Hayes has not even alleged that there was an improper purpose. Therefore, the request for reimbursement at $325.00 per hour will be denied.

### III. Conclusion

Accordingly, **IT IS ORDERED** that the motions to file a corrected motion for attorney's fees, R. 17, and to submit additional documentation, R. 18, are **GRANTED**. The corrected motion for attorney's fees (R.20) is **GRANTED** in part and **DENIED** in part; the plaintiff is awarded $2,225.00 (17.80 hours x $125.00 per hour) in fees. The prior motion for an attorney fee, R. 14, is **DENIED AS MOOT**.

Signed on August 14, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY