UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ROBERT EVERT HAYES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 10-401-DCR |
| ) | |
| V. ) | |
| ) | |
| NANCY A. BERRYHILL, ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the second motion for attorney's fees filed by attorney Wolodymyr Cybriwsky. [Record No. 27] Cybriwsky served as counsel before this Court for Plaintiff Robert Hayes. [*Id.*] Cybriwsky now seeks payment under 42 U.S.C. § 406(b)(1) of $11,607.25, based on a contingency fee agreement with Plaintiff Hayes. [*Id.* at 2] The Commissioner filed a response to the fee request, noting that the Court is without jurisdiction given the nearly five-year delay in bringing the motion. [Record No. 33 at 3] Oral argument was held on July 28, 2017. [Record No. 36][1]

Having considered the filings and arguments of counsel, the Court finds the motion untimely and application of equitable tolling to be wholly inappropriate under the facts presented. Therefore, Cybriwsky's motion will be denied.

---

[1] If history in other cases is any indication of future conduct, Cybriwsky will file a motion for reconsideration of the denial of his motion, re-asserting the same arguments which are rejected here.

## I.

Hayes, by counsel, sought review of the Social Security Administration's denial of his application for a period of disability benefits on November 22, 2010. [Record No. 1] However, on February 8, 2011, the Commissioner moved to remand the case for further administrative proceedings because significant portions of the recording of the administrative hearing were inaudible. [Record No. 7] The remand motion was granted on February 9, 2012. [Record No. 8] Following remand, a new administrative hearing occurred, which included testimony from a medical expert who had not previously testified on Hayes's behalf.[2] [Record No. 19 at 8] On August 2, 2011, based, in part, on the new medical testimony, an Administrative Law Judge issued Hayes a fully-favorable decision. [*Id.*; Record No. 10-1]

On March 28, 2012, the Commissioner filed a motion to re-docket and affirm the fully-favorable decision. [Record No. 9] That motion was granted and judgment was entered in favor of Hayes on April 19, 2012. [Record Nos. 12 and 13] On May 18, 2012, Cybriwsky filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b). [Record No. 14; Record No. 20 (corrected motion)] Finding no bad faith on the part of the Commissioner to justify a higher rate, the Court granted Cybriwsky a $2,225.00 fee, reflecting the lodestar amount (at the standard rate of $125 per hour) for Cybriwsky's work in obtaining the remand for reconsideration. [Record No. 22] Thereafter, the docket was dormant for more than four-and-a-half years.

---

[2] Cybriwsky did not serve as counsel at the administrative level on remand. [*See* Record No. 27-1 at 9.] However, the record indicates that he did provide guidance to Hayes's administrative-level representative, attorney Stephen Calvert. [*Id.*]

On April 25, 2017, Cybriwsky filed a motion for fees in the amount of $11,607.25 under 42 U.S.C. § 406(b)(1) based upon Hayes's fully favorable decision obtained on remand and a written fee agreement. [Record No. 23] The motion was initially denied because counsel provided no supporting documentation concerning the amount of past-due benefits payable to Hayes. [Record No. 26] A second motion was filed on May 5, 2017. That motion included as an exhibit the Social Security Administration's notice to Hayes of his past-due benefit amount. [Record No. 27] Again, Cybriwsky seeks a fee of $11,607.25, based upon 29.6 hours of work, which he argues is reasonable because it is less than two-times his stated hourly rate. [Record No. 27-1 at 6, 8] The fee agreement suggests an hourly rate for federal appeals of $325. [Record No. 27-2] Based upon his proposed 29.6 hours of labor, Cybriwsky's fee request amounts to an hourly rate of $392.14. Documentation dated March 20, 2012, establishes that Hayes was entitled to past-due benefits of $46,429. [Record No. 27-3] The Commissioner withheld 25% of the benefits (*i.e.*, $11,607) for payment to Hayes's representative. [*Id.*] Further, because there was a fee agreement on file for administrate-level counsel, attorney Calvert was paid $5,300. [*Id.*]

The Court set the matter for oral argument and the Commissioner filed a brief in response. [Record Nos. 30 and 33] The Commissioner noted that, under 42 U.S.C. § 406(b)(1)(A) and Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure, the current motion was due fourteen days following entry of judgment in Hayes favor, which results in a deadline of May 3, 2012. [Record No. 33 at 3-4] The Commissioner also points out that, under Local Rule 83.11(d), the § 406(b) fee petition was due within 30 days of the fully-favorable decision, meaning, alternatively, a deadline of September 1, 2011. [*Id.* at n.2]

Whichever deadline is operative (the Commissioner suggests May 3, 2012), the Commissioner asserts that equitable tolling is not appropriate. [*Id.* at 4] Under the four-factor test for tolling, the Commissioner argues that factors one and four are met because the movant had at least constructive knowledge of the filing requirement and had no reason to be ignorant of it in light of his being a seasoned practitioner. [*Id.*] Regarding the second factor, the movant's diligence, the Commissioner argues that counsel had no rational reason for the delay, and that his argument that he just recently obtained the Notice of Award is unconvincing. [*Id.* at 5] Specifically, the Commissioner points to record evidence suggesting that counsel had actual notice of the past-due benefits on April 5, 2012, and was in regular contact thereafter with Hayes and attorney Calvert, both of whom would have received the March 20, 2012, Notice of Award. [*Id.*] Therefore, Cybriwsky either had the actual Notice of Award or had the means to obtain it in 2012.

The third factor to be considered regarding the tolling issue is prejudice to the non-moving party. The Commissioner asserts that, in light of the time lapse, it has already released the excess funds (previously held for the attorney fee) to Hayes. [Record No. 33 at 6] Therefore, counsel would be required to attempt to recover the funds from Hayes himself, and it is unlikely Hayes has the expectation or means to pay counsel. [*Id.* at 6-7] If counsel were unsuccessful in obtaining payment from Hayes, he could request that the SSA assess an overpayment to Hayes to recoop the fee award. [*Id.* at 7] However, Hayes may apply for and may receive a waiver of overpayment. [*Id.* at 7] If Hayes were to receive a waiver, according to counsel for the Commissioner's statement at oral argument, taxpayers would foot the bill. Accordingly, Cybriwsky's delay in bringing the fee petition would result in a substantial-and-

unexpected obligation for payment from Hayes or, alternatively, a significant (and avoidable) toll on the public fisc.  As a result, the Commissioner argues that equitable tolling is inappropriate.

In the alternative, should the court find equitable tolling appropriate, the Commissioner argues that the requested fee of $11,607.25 would represent a windfall to Cybriwsky.  [Record No. 33 at 7]  Instead, she suggests that an hourly rate of $360 per hour is reasonable, and that Cybriwsky is only entitled to compensation for 18.1 hours of work, resulting in an award of $6,516.  [*Id.* at 11-12]

## II.

Oral argument was held on July 28, 2017.  [*See* Record No. 36.]  Things did not go well for Cybriwsky.

During argument, Cybriwsky offered an elusive and ever-evolving explanation for his delay in filing the § 406(b) fee petition.  He contended initially that his failure to act timely was due to the fact that he never received written documentation from SSA establishing the amount of Hayes's past-due benefit award.  Cybriwsky argued that, while he asked for this documentation continuously beginning in 2012, the agency simply never responded.  He also claimed to have communicated with his client (Hayes), but contended that he did not obtain the amount of the award from Hayes or get a copy of the Notice of Award from him.  And by "communicated," Cybriwsky stated that he merely sent Hayes a letter but did not receive a response.

In response, the Commissioner established that Cybriwsky actually had the Notice of Award in his possession as of April 5, 2012.  As evidence, the Commissioner pointed to the

Notice of Award appended to the instant motion, which is dated March 20, 2012, and stamped as received on April 5th. [Record No. 27-3] Further, April 5, 2012, corresponds with an entry on Cybriwsky's timesheets (submitted with the instant motion and with his earlier EAJA fee petition) stating that he reviewed SSA correspondence on April 5, 2012. [*See* Record No. 20-1 at 7; Record No. 27-1 at 9.] In fact, the timesheets submitted with Cybriwsky's EAJA petition (filed in 2012) note that Cybriwsky *billed 30 minutes* on April 5, 2012, for "Receipt and Review of SSA Correspondence re: Notice of Award on Plaintiff dated 3/20/12 (5 pgs) with follow-up." [Record No. 20-1 at 7] The Notice of Award attached to the instant motion contains five pages. [Record No. 27-1]

Sands were shifting under Cybriwsky's feet during oral argument. Faced with substantial evidence contradicting his initial argument, Cybriwsky simply changed his story (but claimed that he didn't). Cybriwsky was forced to admit that he had a copy of the Notice of Award on April 5, 2012, which clearly lists the past-due award amount as $46,429. In light of this proof, and for the first time, Cybriwsky argued that the information that he did not have (and which he contends was necessary to file his attorney fee claim) concerned whether Hayes also had dependents who were entitled to benefits. Seemingly unfazed, when pressed by the Court, Cybriwsky admitted that he had not previously raised the issue of dependents, either in his briefs or at oral argument, although it is referenced in his timesheet. Cybriwsky had no good answer for why he could not have ascertained in 2012, from Hayes or from attorney Calvert, whether Hayes had dependents who were entitled to past-due benefits.

The Court also questioned Cybriwsky regarding whether he had notified Hayes that he is now adverse to Hayes's interest since any success on his (*i.e.*, Cybriwsky's) part will likely

be money being taken from Hayes. In response, Cybriwsky stated that he had mailed Hayes copies of the motion and reply brief (both, purportedly filed on "Hayes behalf"), but did nothing more. Cybriwsky argued that he was not aware of the adversity until the Commissioner filed her response, which indicated that the remainder of the attorney-fee reserve had been returned to Hayes. But still Cybriwsky could not account for why, given the newly-discovered adversity, his reply brief remained styled as "on behalf of Hayes." And while Cybriwsky did not know without checking his file whether Hayes suffered from an intellectual (or a physical) disability, he still found it reasonable to simply mail copies of the pleadings to him rather than follow up with in-person meetings, telephone communications or letters explaining the nature of the relief he was seeking. Other than mailing pleadings which would be difficult for a lay person to understand, he simply did not advise Hayes of the adversarial relationship which now exists.

### III.

Having established that Cybriwsky had notice of Hayes's past-due benefits on April 5, 2012, the deadline for a fee petition under either theory, was no later than May 2012. Therefore, Cybriwsky's only remaining argument for equitable tolling is on the basis of not being assured of the existence, or lack thereof, of dependents. As discussed in *Amburgey v. Colvin*, No. 5:08-cv-335-DCR, 2016 WL 2859611 (E.D. Ky. May 16, 2016):

> In determining whether a deadline should be equitably tolled, the Court considers: (i) the movant's lack of notice or constructive knowledge of the filing requirement; (ii) his diligence in pursuing his rights; (iii) the absence of prejudice to the non-movant; and (iv) the movant's reasonableness in remaining ignorant of the filing requirement.

2016 WL 2859611, at *2 (citing *Short v. Comm'r of Soc. Sec.*, No. 1:12-cv-574, 2015 WL 4465189, *4 (S.D. Ohio. Jul. 21, 2015)). The first and fourth factors weigh against equitable tolling. The Court previously held in *Amburgey* (where Cybriwsky was the movant) that Cybriwsky was aware of the filing deadline. 2016 WL 2859611, at *3. As the Commissioner points out, he is a "seasoned" practitioner, and Cybriwsky acknowledged at the hearing that he was not ignorant of the filing deadline. Therefore, the tolling determination turns on the second and third factors: counsel's diligence and prejudice to the non-moving party.

In *Amburgey*, the record reflected repeated attempts by Cybriwsky to determine the amount of past due benefits due to his client. 2016 WL 2859611, at *3 ("his timesheet indicates that he diligently pursued his rights by attempting to discern the amount payable to the plaintiff and his dependents"). Counsel's timesheet there indicated that he received the Commissioner's fully-favorable decision on April 7, 2014, that he followed-up with the claimant every few months thereafter, that counsel began exchanging correspondence with the SSA to obtain information regarding past-due benefits as early as October 17, 2014, and no later than April 10, 2014, and that counsel contacted or met with SSA regarding he past-due benefits amount no less than eleven times between April 10, 2014, and March 8, 2016, when he finally received notification of the exact amount of past-due benefits. [No. 5: 08-cv-335-DCR, Record No. 23-1 at 10-12; 2016 WL 2859611 at *3]

The facts are meaningfully different here. Cybriwsky's timesheets do not indicate exactly when he received notice of Hayes's fully favorable decision, but it can be no later than March 28, 2012, when one entry notes receipt of SSA's motion to re-docket the appeal, to which the fully-favorable decision was attached. [Record No. 27-1 at 9; Record Nos. 9-1 and

10-1] Thereafter, counsel pursued his EAJA fee, resubmitting the Court's order to SSA as late as October 15, 2012. [Record No. 27-1] Between October 15, 2012, and March 30, 2014, counsel's timesheets show no action. It was not until March 30, 2014, that counsel suggests he contacted SSA requesting Hayes's award documents. [*Id.* at 11] Thereafter, he contacted SSA only three times up through April 2017. [*Id.* at 11]

As discussed previously, Cybriwsky had notice of Hayes's award of past-due benefits on April 5, 2012. [Record No. 33 at 5] The Notice of Award that counsel attaches to the instant motion (which he suggests he did not receive until April 3, 2017) is dated March 20, 2012, and time stamped as "REC'D APR 05 REC'D." [Record No. 27-3 at 1] Cybriwsky's timesheet logs demonstrates that on April 5, 2012, he received and reviewed the March 20th Notice of Award. [Record Nos. 20-1 at 7; 27-1 at 9] Finally, he admits that he had the document in his possession.

Cybriwsky makes the confusing and self-contradictory statement in his reply brief that "[once he] slowly realized that no benefits information on Mr. Hayes was going to be provided by SSA despite multiple telephonic and written requests, counsel diligently sought to obtain that information since 2012 from the claimant, as well as from the administrative attorney, not to mention other SSA sources." [Record No. 35 at 3] In fact, Cybriwsky's own timesheets demonstrates no work between October 15, 2012 and March 30, 2014. [Record No. 27-1][3]

---

[3] Cybriwsky claims that he did not record all of his time which explains the lack of entries for the numerous calls not documented in the materials filed in support of his motion. However, even if other calls had been made, equitable tolling would not be appropriate for the reasons discussed in this Memorandum Opinion and Order.

And the timesheets suggest that Cybriwsky made no attempts to contact SSA regarding dependents *before* the single entry on March 30, 2014.  The Court finds a lack of diligence on Cybriwsky's part between April 26, 2012 (the date he last had "contact" with attorney Calvert, allegedly to no avail), and March 30, 2014 (the first time documented instance of inquiring about dependents with SSA).  Putting aside Cybriwsky's lack of candor to the Court, the evidence relating to this factor weighs strongly against equitable tolling.

Regarding prejudice to the non-movant, the facts here are also meaningfully different from *Amburgey*.  There, the Commissioner held in reserve 25% of the plaintiff's past due benefits.  2016 WL 2859611, at *3.  Here, the remainder of the subject amount has been returned to Hayes.  [Record No. 33 at 6]  As expressed by the Commissioner, "[g]iven the lapse of over five years since he received notice of the Commissioner's favorable decision, it is unlikely that Plaintiff has the expectation of or means to pay counsel an award of attorney's fees."  [*Id.* at 6-7]  The Court finds substantial prejudice will occur to Hayes or to the taxpayers if the motion for attorney fees is granted at this time.  This finding strongly weighs against equitable tolling.

All relevant factors weigh against equitable tolling being applied to relief Cybriwsky of his failure to file a timely motion for attorney fees based on his contingency agreement with Hayes.  Courts have recognized the "inherent inequity in failing to honor a contingency fee agreement" especially "in a type of case that carries with it a substantial risk of loss."  *Willis v. Comm'r of Soc. Sec.*, No. 1:10-cv-594, 2013 WL 4240835, at *3 (S.D. Ohio Aug. 14, 2013), *report and recommendation adopted as modified,* No. 1:10-cv-594, 2014 WL 2589259 (S.D. Ohio June 10, 2014).  But on the facts presented here, no inherent inequity exists.

- 10 -

Cybriwsky cannot adequately explain his delay in petitioning for his fee (or, for example, not seeking a Court order compelling SSA to provide him with the needed information). Cybriwsky, however, is not left empty-handed. He received payment of $2,225 for 17.8 hours of work in securing the Sentence-Six remand (which, the Court notes, was achieved by the filing of a bare-bones two-page complaint). [Record Nos. 1 and 7] Were the Court to apply equitable tolling, Cybriwsky's delay in bringing the motion would militate in favor of a substantial reduction, and he would be required to refund the $2,225 EAJA fee to Hayes. "Inherent inequity" does not befit this case.

Finally, the Court is not suggesting that Social Security claimants, perhaps more than the public at large, are not savvy with regard to the judicial process and attorney fee agreements. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 812 (2002) (Scalia, J., dissenting) ("The fee agreements in these Social–Security cases are hardly negotiated; they are akin to adherence contracts. [The contingency-fee contacts] are presumably presented to the typically unsophisticated client on a take-it-or-leave-it basis."). Here, however, while Cybriwsky may have provided copies of the fee-petition filings to Hayes, he did nothing to adequately explain that he was actually adverse to him. Despite Cybriwsky's unconvincing argument that he *did not know* he was adverse to his client until the government filed its response brief (because he did not then know that the fees were already released to Hayes), reality proves otherwise. Cybriwsky admits that he had the document on April 5, 2012, reporting Hayes's past-due benefit amount. That document also states that while $11,607 was reserved for attorney's fees, $5,300 had already been paid out. Therefore, Cybriwsky had good reason to know that, as of April 2012, the Social Security administration was most likely only holding $6,307 of Hayes's

past due benefits.  To the extent that Cybriwsky sought anything above $6,307, those funds may have to come directly out of Hayes's pocket.  Regardless, Cybriwsky took little care to ensure that Hayes was aware of this possibility, despite an obligation to protect the interests of his client.

### IV.

For the reasons outlined above, it is hereby

**ORDERED** that attorney Wolodymyr Cybriwsky's second motion for attorney's fees, purportedly filed on behalf of Plaintiff Robert Hayes, pursuant to 42 U.S.C. § 406(b) [Record No. 27] is **DENIED**.  The Clerk of the Court is directed to forward a copy of this Memorandum Opinion and Order to Plaintiff Hayes at his last known address: 330 Collingswood Trail, Pine Ridge, Kentucky 41360-8834.

This 31st day of July, 2017.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge